```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
DERIC NELSON,

                Plaintiff,

        -against-

THE PEOPLE OF THE UNITED STATES OF
AMERICA: Department of Justice;
Federal Court Eastern District NY;
STATE OF NEW YORK: NYS District
Attorneys' Office (Kings County), NYS
District Attorneys' Detectives, NYS
Department of Mental Health and
Hygiene, NYS Supreme Court (Kings
County) Criminal Term and Civil, NYS
Office of Mental Health (Kirby
Forensic Hospital), NYS Supreme Court
Court Officers; CITY OF NEW YORK: NYC
Corrections Department Rikers Island,
NYC Police Department, NYC Health and
Hospitals Corporation (Kings County
Hosp. Center), NYC Marshals; BROOKLYN
LEGAL AID SOCIETY, 18B Assigned
Counsel Plan,

                Defendants
----------------------------------------x
```

**NOT FOR PUBLICATION**

**MEMORANDUM AND ORDER**
15 Civ. 3626

**MATSUMOTO, United States District Judge:**

On June 18, 2015, the court received *pro se* plaintiff Deric Nelson's complaint dated June 10, 2015, along with a money order for $50. On June 23, 2015, the Clerk's Office mailed a letter returning the money order and directing plaintiff to either pay the full filing fee of $400 or to submit a completed application to proceed *in forma pauperis* ("IFP"). Plaintiff submitted an IFP application on July 15, 2015. His request to

1

proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is hereby granted. For the reasons that follow, however, the complaint is dismissed with leave to replead within thirty (30) days consistent with this Order.

**BACKGROUND**

The complaint is captioned "Notice of Claim" and contains a laundry list of claims, but no factual allegations to support them. Plaintiff alleges that his claims arise "from NYS Court: Supreme, Civil, and Criminal Term, and Federal Court Cases," but the only court case he mentions is "NYS Supreme Court Case # 00046-2010." (Complaint at 1-2.) He cites Title 42 of the United States Code and "Constitutional Rights Violations," but does not identify any alleged deprivation of his rights. (Compl. at 1.) He states that his property was seized without due process, but does not identify any property that was seized. (*Id.*) He alleges that he was arrested without probable cause, falsely imprisoned, and detained without bail, but fails to provide any details regarding a arrest or detention. (Compl. at 2.) Plaintiff further asserts that his life was endangered while he was in custody, because he was placed in the general population and his identity was revealed, but he does not describe any threatening incidents. (*Id.*) He also alleges a series of unspecified claims related to New York

State's Mental Health and Hygiene Law and torts related to reputation and loss of income. (*Id.*)

Plaintiff states that "this claim accrued" between December 28, 2009 through March 30, 2015, and that the "act(s) took place" in the Kings County court, Rikers Island, Kirby Forensic Center, and District Attorney's Offices. (*Id.*) He provides no details of specific incidents.

Plaintiff alleges that he served a "Notice of Intention to File a Claim" on June 10, 2015, and that such service was "filed within 120 days of the exhaustion of claimant's administrative remedies." (*Id.*) He does not identify any administrative procedures he undertook. Plaintiff seeks billions of dollars in damages. (Compl. at 3.)

**DISCUSSION**

The court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the

court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).

Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).

The instant complaint fails to comply with the dictates of Rule 8.  Plaintiff has not provided any factual matter that would support his claims for relief.  He vaguely alleges that he was arrested, detained, and prosecuted in New York State Supreme Court, but he does not provide any details that would suggest a violation of his constitutional rights.  Should plaintiff wish to bring a civil rights action pursuant to 42 U.S.C. § 1983, he must name the individual defendants who personally deprived him of his constitutional rights and describe the specific incidents in which his rights may have been violated.

5

## CONCLUSION

Plaintiff's application to proceed *in forma pauperis* is hereby granted. For the foregoing reasons, plaintiff's claims are dismissed for failure to comply with Rule 8. In light of this court's duty to liberally construe *pro se* complaints, plaintiff is given thirty (30) days leave to file an amended complaint. Plaintiff is directed that any amended complaint must comply with Rule 8(a), in that it must clearly state the grounds for relief and include specific factual allegations. Plaintiff must clearly identify each named defendant and state the specific allegations against each. He must provide locations and dates for each incident. The amended complaint must be captioned "Amended Complaint," and bear the same docket number as this order. Plaintiff is also advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff include in the amended complaint all the necessary information that was contained in the original complaint.

All proceedings shall be stayed for 30 days. If plaintiff fails to replead within 30 days as directed by this Order, the court shall enter judgment dismissing the complaint. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and

therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this order on plaintiff and note service on the docket by July 24, 2015.

**SO ORDERED.**

                                           _____
                                           **KIYO A. MATSUMOTO**
                                           United States District Judge

Dated:  Brooklyn, New York
        July 21, 2015